UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY M. RIVARD, | ) |
|     Plaintiff | ) ) ) |
| v. | )    No. 2:21-cv-00128-GZS |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) |

### RECOMMENDED DECISION ON MOTION TO TRANSFER VENUE

Defendant Andrew M. Saul, the commissioner of Social Security, moves pursuant to 28 U.S.C. § 1406(a) to transfer this case in accordance with 42 U.S.C. § 405(g) to the United States District Court for the District of Vermont, the state in which *pro se* plaintiff Jeffrey M. Rivard alleges that he resides. *See* Defendant's Motion to Transfer Venue ("Motion") (ECF No. 7); Complaint (ECF No. 1). I recommend that the court grant the Motion and deem moot the plaintiff's pending Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (ECF No. 4).[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may, upon referral of a district judge, "grant non-dispositive motions that do not implicate the federal court's jurisdiction to hear a case." *Salzman v. Travelers Home & Marine Ins. Co.*, 16-CV-04008 (GBD)(SN), 2016 WL 3951206, at *1 (S.D.N.Y. July 20, 2016). If, however, a motion is dispositive, a magistrate judge may only recommend its disposition. *See, e.g., Agincourt Gaming LLC v. Zynga Inc.*, Civil Action No. 11-720-RGA, 2013 WL 3936508, at *2 (D. Del. July 29, 2013). Courts are split as to whether a motion to transfer venue pursuant to 28 U.S.C. 1404(a) is dispositive or non-dispositive. *Compare, e.g., id.* (concluding that "a motion to transfer is not the functional equivalent of an order of dismissal" and, thus, "not a dispositive motion for purposes of § 636(b)(1)" (internal quotation marks omitted)) *with Payton v. Saginaw Cty. Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (concluding that the grant of a motion to transfer is dispositive because it "is the functional equivalent of a dismissal of the case – albeit without prejudice – in that forum"). Insofar as appears, the First Circuit has not directly addressed the point. *But see Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 47-48 (1st Cir. 2006) (holding that an order effecting the transfer of an action pursuant to 28 U.S.C. § 1631 was not immediately reviewable as a final decision of the district court because it did "not terminate the litigation on the merits but, rather, ensure[d] its continuation in a different forum" (footnote omitted)). While, in this case, the defendant invokes 28 U.S.C. § 1406(a) as authority for the transfer of venue, *see* Motion, the requested relief is

1

## I. Applicable Legal Standards

The commissioner invokes 28 U.S.C. § 1406(a) and 42 U.S.C. § 405(g) in support of his Motion. Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

## II. Discussion

The plaintiff sues the commissioner in connection with a requested earnings review. Complaint ¶ 2. He alleges, in relevant part, that (i) he is a resident of Guilford, Vermont, (ii) he complains of a decision that "has become the final decision of the Commissioner for purposes of judicial review[,]" and (iii) he "has exhausted administrative remedies in this matter[,]" as a result of which this court "has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g)." *Id*. ¶¶ 1-3.

In fact, as the commissioner notes, *see* Motion, this court does not have jurisdiction to entertain this case because the plaintiff has not brought suit "in the district court of the United States for the judicial district in which [he] resides," 42 U.S.C. § 405(g), namely, the United States

---

identical to that sought pursuant to Section 1404(a) and, therefore, the same reasoning applies. Hence, in an abundance of caution, I have treated the instant motion as dispositive.

District Court for the District of Vermont. It is "in the interest of justice[,]" 28 U.S.C. § 1406(a), to transfer this case, as the commissioner requests, rather than to dismiss it, *see, e.g., Harrell v. Berryhill*, No. 1:17-cv-01503-GSA, 2019 WL 1316705, at *1 (E.D. Cal. Mar. 20, 2019) (transferring case filed by North Carolina resident seeking judicial review of decision of Social Security commissioner to the United States District Court for the Eastern District of North Carolina); *Fraser v. Berryhill*, No. 3:17-CV-2150-BT, 2018 WL 2017721, at *2 (N.D. Tex. Apr. 30, 2018) (transferring case seeking judicial review of decision of Social Security commissioner by claimant who had moved from Texas to Florida to the United States District Court for the Northern District of Florida).

### III. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Motion and **DEEM** the plaintiff's IFP Application **MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

3